**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| LANCE STERLING,<br><br>Plaintiff,<br><br>v.<br><br>GILSTER MARY LEE CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-cv-150-SNLJ |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court upon review of Plaintiff's application to proceed in district court without prepaying fees or costs and motion to appoint counsel. ECF No. 2, 3. After reviewing the application and financial information provided, the Court will grant the application and waive the filing fee. Because Plaintiff is proceeding *in forma pauperis*, his pleadings are subject to review under 28 U.S.C. § 1915. Based on a review of the complaint and attachments, it appears that Plaintiff did not initiate his claims in a timely manner. As such, the Court will order Plaintiff to show cause why this action should not be summarily dismissed as time-barred. The motion to appoint counsel will be denied.

**Background**

On June 22, 2026, Plaintiff filed the instant employment discrimination action against his former employer Gilster Mary Lee Corporation. ECF No. 1. He alleges violations of Title VII based on his race and color. *Id*. Attached to his complaint, Plaintiff provides a right-to-sue letter issued by the EEOC. ECF No. 1-1. This right-to-sue letter was issued on March 19, 2026. *Id*. Plaintiff does not provide his charge of discrimination.

**Discussion**

A plaintiff in a Title VII action has ninety days from receipt of the right-to-sue letter to file a civil action. *See* 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action warrants dismissal of the complaint. *E.g.*, *Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984). A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. *E.g., Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

Here, Plaintiff's EEOC right-to-sue letter was issued on March 19, 2026. ECF 1-1. Plaintiff's ninety-day period elapsed on approximately June 17, 2026. He did not file the instant action until June 22, 2026, approximately five days late.

As such, Plaintiff will be directed to show cause, in writing and within thirty (30) days of the date of this Order, why his case should not be dismissed as time-barred. Failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.

Plaintiff also filed a motion for appointment of counsel. ECF No. 3. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate

the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has not yet established that his claim survives initial review, therefore the Court will deny Plaintiff's motion for appointment of counsel, without prejudice. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff shall show cause, in writing and no later than **thirty (30) days** from the date of this Order, why this case should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** the Plaintiff must provide his Charge of Discrimination filed with the EEOC.

**IT IS FURTHER ORDERED** that failure to respond to this Order will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

Dated this 2nd day of October, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE